**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1249-16T3

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DONNELL GIDEON,

    Defendant-Respondent.

_____

        Argued April 26, 2017 — Decided June 6, 2017

        Before Judges Alvarez and Manahan.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Indictment No.
        05-10-4097.

        Patrick D. Isbill, Assistant Prosecutor,
        argued the cause for appellant (Mary Eva
        Colalillo, Camden County Prosecutor,
        attorney; Mr. Isbill, of counsel and on the
        brief).

        Alan Dexter Bowman argued the cause for
        respondent.

PER CURIAM

    Appellant State of New Jersey appeals from an October 11,

2016 order granting post-conviction relief (PCR) to defendant

Donnell Gideon. Upon review of the decision in light of

controlling decisions of law, we are constrained to remand for further proceedings.

The factual background and procedural history relating to defendant's arrest and charges are fully set forth in this court's opinion remanding the matter for an evidentiary hearing. State v. Gideon, No. A-0293-13 (App. Div. February 10, 2016).

On September 1, 2004, defendant gave a statement to an investigator at the Camden County Police Department regarding a July 27, 2004 shooting. In his statement, defendant explained his "workers" sold marijuana, supplied by E.J.,[1] in Camden's Yorkship Square area. Defendant learned T.A. had been robbing his "workers" at gunpoint. As a result of these robberies, defendant sought out T.A. on July 27, 2004, and engaged him in a fist fight. After the fight was broken up, defendant returned home.

Immediately after returning home, defendant called E.J. to explain what transpired. Soon after, E.J. arrived at defendant's home and told him to "suit up" and "get your black on," meaning change into black clothing. Defendant "suited up" knowing they were going to "handle the situation from earlier." Defendant then got into a car with E.J. and another individual and drove looking for T.A. The three individuals thought they saw T.A. standing on

_____

[1] We utilized initials in our prior opinion for purpose of confidentiality.

a corner near the Yorkship Square area. They parked the car and exited, E.J armed with an AK-47 rifle and the other individual armed with a Mossberg shotgun. The three individuals then walked down an alleyway where defendant asked E.J. "what's up?" E.J. responded, "just look up." At that moment, E.J. and the other individual opened fire on a group of people standing on the corner. Defendant later learned three people were injured and one person was killed in the shooting.

At trial, defendant asserted the investigator coached him on what to say during his statement. Defendant then proceeded to testify to a different version of what he was doing the night of the shooting. Defendant admitted to fighting T.A. earlier in the day, but while defendant was walking home from the fight, he ran into his mother. Defendant's mother drove defendant to find T.A. in order for the two to shake hands and "peace up." Defendant then got back into the car with his mother who dropped him off at home before she went to work. After being dropped off, defendant contended he never left his home the rest of the night. On cross-examination, defendant stated his girlfriend was with him in the home the night of the shooting.

After trial, a jury convicted defendant of aggravated manslaughter, attempted murder, aggravated assault, conspiracy to commit murder, possession of a weapon for an unlawful purpose, and

hindering apprehension or prosecution. Defendant was sentenced to a twenty-seven-year prison term subject to the eighty-five percent parole ineligibility provision under N.J.S.A. 2C:43-7.2(a).

Defendant filed a direct appeal. We affirmed the conviction and the sentence. State v. Donnell Gideon, No. A-2132-07 (App. Div. October 18, 2010). Defendant filed a petition for certification, which was denied. State v. Gideon, 205 N.J. 273 (2011).

On April 27, 2012, defendant filed a pro se petition for PCR. Argument took place before the same judge who presided over the trial. In a written opinion, the judge denied defendant's PCR without an evidentiary hearing.

Defendant appealed. This court reversed in holding defendant asserted sufficient facts to present a prima facie claim of ineffective assistance of counsel, based on defendant's assertion that his trial counsel never investigated his alibi witnesses. Gideon, supra, A-0293-13.

On September 13, 2016, pursuant to our remand order, the same PCR judge presided over an evidentiary hearing. At the hearing, defendant's alibi witnesses, his mother Bianca Gideon-Nichols, and his girlfriend, Sahleeha Bey, testified. Defendant's trial counsel also testified. Both Gideon-Nichols and Bey testified

that defendant was in their presence during the night of the original crime, and later was with a man named "[T.A.]" Both witnesses also testified that they volunteered to be an alibi witness during the trial, and that defendant's counsel agreed.

During the hearing, defendant's trial counsel (counsel) testified his common practice was to speak with a potential alibi witness once introduced. While counsel could not recall being approached by Gideon-Nichols or Bey, he concluded that neither offered to be alibi witnesses because he never investigated their claims as to defendant's whereabouts.

On October 11, 2016, the judge issued an order granting defendant's PCR petition and vacating the judgment of conviction despite finding that Gideon-Nichols' and Bey's testimony was not credible. The judge noted numerous inconsistencies between their testimony with evidence presented during the trial, and found their testimony would not be consistent with defendant's statement to police and his trial testimony. The judge concluded that because Gideon-Nichols and Bey were not credible, he could not find that they approached defendant's counsel and presented themselves as an alibi witness prior to trial.

On the other hand, the judge found counsel was credible. Nonetheless, the judge held that counsel rendered effective assistance of counsel based upon defendant's trial testimony, in

counsel's presence, where he stated Bey was an alibi witness. At the evidentiary hearing, counsel acknowledged that, after the testimony, he and defendant did not discuss the prospect of Bey serving as an alibi witness.

The judge held, "after [defendant] revealed a potential alibi witness in his trial testimony, [defendant's counsel] had a continuing duty to his client to investigate this potential alibi witness. He did not do so." Since counsel did not investigate the potential alibi witness and the jury did not have the opportunity to hear and determine the credibility of Gideon-Nichols and Bey, the judge concluded that defendant received ineffective assistance of counsel. Without making further findings, the judge held the PCR should be granted. This appeal followed.

The State raises the following point on appeal:

POINT I

THE PCR COURT ERRED IN GRANTING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AS ITS RULING NEITHER ADDRESSES NOR SATISFIES THE PREJUDICE PRONG REQUIRED PURSUANT TO STRICKLAND[2] IN ORDER TO AFFIRMATIVELY FIND INEFFECTIVE ASSISTANCE OF COUNSEL. [RAISED BELOW.]

---

[2] Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984).

A-1249-16T3

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, supra, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision[]" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well suited for post-conviction review. See R. 3:22-4(a)(2); Preciose, supra, 129 N.J. at 460. In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693, and United States v. Cronic, 466 U.S. 648, 658-60, 104 S. Ct. 2039, 2046-47, 80 L. Ed. 2d 657, 667-68 (1984). Preciose, supra, 129 N.J. at 463; State v. Fritz, 105 N.J. 42, 49-50 (1987).

Under the first prong of the Strickland test, a "defendant must show that [defense] counsel's performance was deficient." Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Our review of an order granting or denying PCR contains consideration of mixed questions of law and fact. State v. Harris, 181 N.J. 391, 415-16 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). We defer to a PCR court's factual findings and will uphold those findings that are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). However, a PCR court's interpretations of law are provided no deference and are reviewed de novo. Id. at 540-41.

On appeal, the State concedes that defendant's counsel was deficient in failing to investigate the potential alibi witness but argues that the judge failed to analyze the second prong under the Strickland standard, namely whether defendant demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. We agree.

Unlike the judge's cogent analysis regarding the first prong of Strickland, we conclude that the requisite analysis relating to the second prong of Strickland was not similarly employed. As such, we are impelled to remand the matter for further findings by the judge consonant with our decision. In reaching this decision, we express no view as to the remand's outcome.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION